CASE 4—INDICTMENT—DECEMBER 8.

# Tweedy vs. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. Time may be given to reduce the exception to writing, but not beyond the succeeding term. (*Civil Code, sec.* 364.) This rule, as expounded in the case of *Freeman vs. Brenham,* (17 *B. Mon.,* 607,) and in subsequent decisions, should be strictly adhered to.

2. Judgment rendered 2d March, 1859. On the 5th of the same month, time was allowed " until the next June term of this court to file bill of exceptions herein." June 13th, 1859, defendant " filed a bill of exceptions herein which is noted, and moved the court to make said bill, *when signed,* a part of the record in this case;" but it had not been allowed or certified or signed as a bill of exceptions by the judge. After the expiration of the June term—on the 18th of August—a bill of exceptions was filed, the order reciting, " the parties produced a bill of exceptions herein, *which was signed and noted, and ordered to be made part of the record* herein." *Held*—That the bill of exceptions cannot be considered as part of the record, not being filed in time; and the first named paper is not, in fact or in law, a bill of exceptions.

In this prosecution for a misdemeanor, verdict and judgment for $400 were rendered against the defendant, who appeals.

Cɪɪas. B. Tʜᴏᴍᴀs, for appellant, cited *Criminal Code, secs.* 236, 237; 6 *B. Mon.*, 22; 4 *Ib.*, 9.

A. J. Jᴀᴍᴇs, Attorney General, for Commonwealth.

Jᴀᴍᴇs Hᴀʀʟᴀɴ on same side.

JUDGE DUVALL ᴅᴇʟɪᴠᴇʀᴇᴅ ᴛʜᴇ ᴏᴘɪɴɪᴏɴ ᴏғ ᴛʜᴇ ᴄᴏᴜʀᴛ:

The judgment in this case was rendered on the 2d day of March, 1859.

On the 5th day of the same month an order was made allowing time "until the next June term of this court to file bill of exceptions herein."

Was the bill of exceptions filed at the term indicated in this order?

It appears from the transcript before us that on the 13th June, 1859, "the defendant, Bridget Tweedy, filed a bill of exceptions herein which is noted, and moved the court to make said bill, *when signed*, a part of the record in this case."

Now it is perfectly clear that the paper here referred to was not, in fact or in law, a bill of exceptions. It had not been allowed or certified or signed as such by the judge. It constituted no part of the record. It amounted to nothing more than a mere form, entitled to no consideration or effect whatever, and the designation of it as a *bill of exceptions* was but a clerical misnomer.

On the 18th of August, however, a bill of exceptions was filed, as appears from the order of that date, which recites that "the parties produced a bill of exceptions herein, *which was signed and noted and ordered to be made part of the record* herein."

It is thus distinctly seen that no bill of exceptions was filed in pursuance of the order of the 5th of March, allowing time for that purpose. Nor had the court any power to extend the time beyond the succeeding June term, according to section 364 of the Civil Code, which expressly provides that "time may be given to reduce the exception to writing, but not beyond the succeeding term."

The security of the rights of litigants, and every consideration of sound policy, require that this rule, as expounded in the case of *Freeman vs. Brenham, &c.*, (17 *B. Mon.*, 607,) and in numerous subsequent decisions, should be strictly adhered to.

Here, time was allowed the defendant to reduce the exceptions to writing until the next succeeding term of the court. The defendant failed to conform to this order, and failed to produce and file the bill of exceptions until after the expiration of the June term. It results, therefore, that the bill of exceptions cannot be considered as part of the record, and the judgment complained of must be *affirmed.*